*Law Library*

# IN THE SUPERIOR COURT
# OF GUAM

THE PEOPLE OF GUAM,

      v.

CECELIO PALOMARES RODRIGUEZ,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE No. CF 0222-12

**DECISION AND ORDER**
On Defendant's
Motion to Reduce Felony Charges to
Misdemeanors and
Request for Deferred Plea

## INTRODUCTION

This matter was taken under advisement by the Honorable Judge Michael J. Bordallo on February 21, 2013, on Defendant's Motion to Reduce Felony Charges to Misdemeanors. The People of Guam did not file an opposition and were represented by Assistant Attorney General James Stake at oral argument on February 6th, 2013. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision GRANTING the Defendant's Motion to Reduce Felony Charges to a Misdemeanor and GRANTING the Motion for Deferred Plea for the Family Violence charges.

## FACTUAL HISTORY

The Defendant was indicted on one count of felony *Terrorizing*, two charges containing four counts of felony *Family Violence*, and three counts of misdemeanor *Assault*. The indictment arises from an incident that occurred on April 3rd, 2012, involving the Defendant and his wife. On the day in question, the Defendant allegedly got into an argument with his wife. The initial statement made the victim alleges that the Defendant punched her and stated the threat, "If you

call the police, we'll see who dies first". The victim's hair was pulled; she suffered a bruise to her arm and abrasions to her knees from the Defendant allegedly dragging her across the floor.

The Defendant has filed a motion asking the Court to reduce all felony charges to misdemeanors and to grant him a Deferred Plea Agreement. Both motions are made pursuant to the Family Violence Act. The People were given until February 15th, 2013 to file a written opposition after only offering oral argument against the motion. No written opposition was filed. The Defendant subsequently filed additional support for his motion on February 20th, 2013. The Court took the motion under advisement on February 21st, 2013.

The People have opposed numerous identical motions to reduce felony charges to misdemeanors. Arguments include that the Court must deny both motions because the Family Violence Act only permits the reduction of *Family Violence* Charges, making other felony charges, usually *Terrorizing*, ineligible for reduction. The People usually argue that reducing the felony *Family Violence* to a misdemeanor is unreasonable given the nature of the alleged incident. However, the Court notes that the Motion to Reduce only involves the *Family Violence* charges and does not affect the *Terrorizing* charge in any manner. Thus, the code allows the motion to be filed and argued. For the following reasons, the Court grants the motion.

### DISCUSSION

The Defendant has filed a motion pursuant to the Family Violence Act asking the Court to reduce the felony *Family Violence* charges to misdemeanors pursuant to 9 G.C.A. §30.20. The Defendant has also motioned for a Family Violence Deferred Plea Agreement, which is not available to defendants charged with felony *Family Violence*. §30.80. The People argue that the First charge of *Terrorizing* cannot be legally reduced to a misdemeanor pursuant to the Act and

that a reduction of the remaining charges for felony *Family Violence* is unwarranted given the facts of the case.

## I.  *The First Charge of the Indictment*

The Defendant has motioned to have the felony charges reduced to misdemeanors pursuant to 9 G.C.A. §30.20 of the Family Violence Act. The relevant section of the statute reads: "Upon a written, noticed motion prior to commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20 be reduced to a misdemeanor. Whether any charge shall proceed as a misdemeanor or a felony rests within the discretion of the court." §30.20(b). The statutory language critical to the Defendant's motion is the requirement that the charge be "a felony charge filed pursuant to this § 30.20."

The Family Violence Act does not give the Court authority to reduce the felony *Terrorizing* charge to a misdemeanor. Because the charge is not filed pursuant to the Family Violence Act, the Court does not have the discretion to reduce the *Terrorizing* charge.

## II.  *The Charges of Felony Family Violence*

The Defendant has also moved the Court to reduce the four charges of felony *Family Violence* to misdemeanors. The Family Violence Act delineates the factual circumstances that the Court must evaluate in determining whether a felony charge should be reduced. The Act states that the Court shall consider: "(1) The extent or seriousness of the victim's injuries; (2) The defendant's history of violence against the same victim whether charged or uncharged; (3) The use of a gun or other weapon by the defendant; (4) The defendant's prior criminal history; (5) The victim's attitude and conduct regarding the incident; (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and (7) The defendant's history of and amenability to counseling." 9

G.C.A. §30.80.2(c) (1994). The Act further clarifies that "Whether any charge shall proceed as a misdemeanor or a felony rests within the discretion of the court." §30.80.2(a).

The Defendant argues that the facts of his case warrant reducing the felony *Family Violence* charges to misdemeanors. In his motion, the Defendant addresses each of the Family Violence Act factors that the Court must consider in evaluating whether or not to reduce the felony to a misdemeanor. The Defendant specifically argues that: (1) the victims' injuries do not constitute serious bodily injury, (2) he has no previous arrest record, (3) he did not use any weapon, (4) the defendant has no criminal history,(5) the victim submitted a statement recanting prior statements about the seriousness of the incident and requested the stay away order be lifted, (6) there is no involvement of alcohol, and (7) that he is amenable to counseling.

The Defendant's arguments are supported by the evidence. The Defendant is charged with misdemeanor *Assault* for each of the actions which underlie the felony *Family Violence* charges except for the one dealing with *Terrorizing*. The Court does not hold that the filing of misdemeanor charges for the incidents automatically entitle a defendant to a reduction of the charges. It is but one factor of the test and the court looks to the alleged conduct. The filing of misdemeanor assault charges does indicate the level of the injuries. The Court disagrees with the Defendant that felony *Family Violence* requires the "serious bodily injury" required for a felony *Aggravated Assault* charge. The victim has allegedly recanted the statement which is the basis of the *Terrorizing* charge. He has no history of prior incidents and has no criminal history.

There is no evidence of the involvement of alcohol in the alleged incident which weighs in favor of reducing the charges. The facts of the Defendant's case support reducing the *Family Violence* charges to misdemeanors. The Court, after considering factors outlined to determine the

appropriateness of a *Family Violence* felony charges, finds that reduction is warranted in this case.

### III.    *The Motion for Deferred Plea*

The Defendant has also motioned the Court to grant him a Deferred Plea. The Defendant's motion is premised on his having the felony *Family Violence* charges reduced to misdemeanors. Because the Court will reduce the charges to misdemeanors, the Defendant is statutorily eligible for a Deferred Plea Agreement with respect to the *Family Violence* charges.

### CONCLUSION

Based on the foregoing, the Court cannot reduce the felony *Terrorizing* charge pursuant to the Family Violence Act. The Court further finds that there are sufficient grounds for reducing the felony *Family Violence* charges to misdemeanors. Because the Defendant charges are reduced, he is statutorily eligible to receive a Deferred Plea. Accordingly, the Court GRANTS the Defendant's Motion for Reduction of Charges and GRANTS the Motion for Deferred Plea. Further Proceedings are set for ___July 17,___ 2013 at 9am.

SO ORDERED, this 27th day of June, 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that this instrument is a true copy of the original on file in the office of the Clerk of the Superior Court of Guam, dated at Hagåtña, Guam

JUN 2 7 2013

Clerrie J. Mendiola
Deputy Clerk, Superior Court of Guam